Realty Central, Inc. v. Pippins Case No. 5-17-0092 Alfred Sanders, Counsel for Appellant, County Court of Appeal Thank you, Your Honor. My name is Alfred Sanders. I represent, actually was a counter plaintiff. I will refer to him here as the plaintiff, Mr. Greg Newb. This started out as an interpleader with Realty Central. They're no longer a part of this. They've had their matters resolved. All this case is really about at this point is the court not addressing the question of attorney fees. We had a contractor here that clearly called for attorney fees for a prevailing party. As the defendant pointed out in their brief, this wasn't a complicated case. It was a half-day bench trial on a simple L.M. breach. For some reason, the trial court let this drag on for four and a half years. And then after we had the trial, it took the trial court a year to give us a ruling on this thing. When they did, they did not address the attorney fees at all. I had concerns about filing an appeal because I've had that done before up here and had the court say, well, there's not a ruling on everything. Your case isn't final yet. So I filed a motion to reconsider asking the court for a full ruling on all the requests. And rather than come back and say attorney fees denied or attorney fees granted, the court just blankly said motion to reconsider is denied. So there's been no true actual denial of attorney fees. There's been no granting of them. There's been no adjustment to them. And that's what this is about. The defendant has argued basically that all we got was what their client admitted in this case that they didn't do. They claim that on page six and eight of their brief that Mr. Noob only prevailed on the damages that the defendant actually admitted. I will point out the defendant didn't admit this until four and a half years of litigation in a bench trial. Because in the very beginning, the defendant was asking for the entire $10,000 escrow. And even on page five of the defendant's brief, it clearly indicates that after the interpleader was finished, that the defendant was seeking $6,864.42, which was the entire remaining balance of the escrow. After the interpleader, fees were paid. So they were never admitting this until they got on the witness stand and then didn't have much choice but to admit, no, well, I didn't do this work. And this is why we think we're entitled to the attorney fees. There was no finding by the court that Mr. Noob breached anything. But there was a finding that the defendant was in partial breach of this contract, which is why the court did award us damages on two issues. Now, in their initial – But wasn't this originally an interpleader? Originally, it was an interpleader. And so I've looked at the case cited, linked by the attorney, Zumer v. Joyce. Sorry? Zumer v. Joyce. Zumer v. Joyce considered the question of what is a prevailing party. And I'll read from the case to you. A party can be considered a prevailing party for the purposes of awarding fees when he is successful on any significant issue in the action and achieves some benefit in bringing the suit, receives a judgment in his favor or by obtaining an affirmative recovery. So in an interpleader, who is a successful party? Probably the interpleader themselves who got their fees. They got paid more than anybody. That's a question. Well, and I understand that. Well, isn't it true that there were – that you actually saw almost $39,000 in damages and were only awarded $15,000? That is correct. Now, the question, I guess, is – I mean, we all know that when lawsuits are filed, the plaintiff is going to push the outer edge of the envelope with the amount of damages. The defendant is going to try to get it down. And I guess the question is, are the courts now going to start adjusting attorney fees and punish the plaintiff because they don't get everything they ask for? In other words, if you only get a portion of what you're asking for and your attorney fee is going to be cut down, that's going to totally change the complexion of how we litigate cases. However – Is the question of review of who is the prevailing party of the no vote on the use of discretionary fees? Your Honor, I agree, and this is not a question about attorney fees for the interplayer case. That's what's confusing. The only thing that's confusing here, there's a question about who prevails regarding a breach of the contract, not the interplayer. So the contract states that – I'm not sure if I can find this. In the event that any breach of this contract, the breaching party shall pay on demand the reasonable attorney fees incurred by the other party as a result of the breach of the contract. So attorney fees are only being awarded for the breach actions that was filed by Mr. Noob against Mr. Pippitt. The attorney fees are not being awarded because of the interplayer. The interplayer is simply from the escrow agent saying, I don't know who to give the money to. But Mr. Noob actually alleged a breach of this contract, and that is the only portion where attorney fees really can be awarded. There's no provision in here for anybody getting attorney fees on the interplayer other than the escrow agent. So if there's simply a dispute as to how the money is distributed and there's no breach of the contract, I don't think any party, either party gets attorney fees. Is that what the court did in the statement, that you do not give either party attorney fees? They didn't talk about the attorney fees. The problem is, what I'm saying is, attorney fees as they would apply to the interplayer probably are not an issue here. The attorney fees as they apply to a breach of the contract is a whole different issue. Was a cross-claim filed as a cross-complaint? It was, and that's what I'm saying. The court did not rule that there was any breach by Mr. Noob. It did rule that there was a breach by Mr. Pippin. So I don't know how else you would interpret that to say that Mr. Pippin did not prevail. He didn't actually allege a breach. But Mr. Noob clearly alleged a breach of this contract, and clearly there was a breach found to exist. So I don't know how anyone could say that anybody except Mr. Noob was a prevailing party regarding the question of whether there was a breach of the contract. Mr. Noob only prevailed on approximately 2% of his claims. That's a massive divide. Is that about? 4% or 5%. It's a small amount. So he should still be entitled to his entire attorney's fees for litigating all those matters? Based on the J.B. Esker case that was passed down from this court, yes. Because simply not prevailing on the entire amount doesn't give the court the right to reduce the fees. If the fees are entitled to be awarded, regardless of how much fees there are, you either get attorney fees or you don't. Then that is a matter of interpreting the contract. Then the trial court has the discretion to reduce those fees based upon the reasonableness of the fees themselves. So that would incur how many hours you spend on the case. It would incur how much money you're charging per hour. In this case, the court had already approved $200 an hour for the interpleader's attorney. Our request was at $100 partly for $125 and partly at $150. So I don't know how the court could justify reducing my hourly rate when it's already $50 less than what they'd already approved earlier in the case. In addition, the total number of hours I was requesting was less than 45 hours. That included filing the complaint, 12 court hearings, a bench trial, and a written closing argument. If the court were to rule in your favor, are you also requesting additional fees for the interpleader? Not at the appeal notice. I haven't asked for those. Would you be incited to? I'm sorry? Would you be incited to? Quite possibly. Actually, of course. My client was very upset that I had this mistake that I will say I made in not having a court reporter. I won't ever do that again or else we'd be appealing more than just the attorney. So you're not the first lawyer to say that? Yeah. That will not happen again. And the fact that we got it took years to get a ruling. I mean, the trial court, you know, I don't think they even remembered what the case had been about halfway, to be honest with you. There's a lot of stuff we could have appealed had we had a court reporter. But the attorney faced the only thing that was so blatant that they didn't even address it at all. And clearly the contract indicates that needs to be addressed. The court can't rewrite the contract. And that's what she did by just ignoring the contract terms that said prevailing party gets fees. If there's a breach. And it's not just – and the interesting thing is had Newb lost according to the terms of this contract, Pippin would not have been entitled to attorney fees. Because it doesn't say the prevailing party. It says the breaching party. If there's bound to be a breach, the breaching party has to pay fees. So if there had been a finding that there's no breach, there's nothing saying that the winner gets the attorney fees. But if you are found to be in breach of the contract, then the breaching party has to pay attorney fees. And that's what the contract says. So it's not really a prevailing party – automatically a prevailing party provision. Only if the prevailing party is a non-breaching party and the other party is in breach. And that was the case. They were found to be in breach and we prevailed on that. Whether we prevailed on a little bit of it or a lot of it. And I can tell you that would be part of what, if we had a court report, we'd be appealing here. What was that $1,500 for? Steeding the yard? There was some grouting. Understand this is a $475,000 house. This wasn't some small – I'm trying to remember. Yeah, this wasn't some small home. There was some stonework or brickwork out in front that was all cracked and busted up. And they were supposed to grout it. And part of what the guy testified to, he went out there with himself and his finger and tried to put mortar in there and it looked worse than it did before he started. I mean, it was awful. And then there was supposed to be some grading to the backyard. And we told him about a yard that had grass in it and everything. And my guy said, you know, it's going to cost me to move the sod or put a new sod in there. And the court said, well, he only had to grade it. He didn't have to provide the grass. So, you know, you've got a $475,000 home, you can't put grass in your yard and there's grass there to begin with. So I understand where she's coming from. I didn't agree with that. But they said that actually the grading was only going to cost about $1,000. That's what she decided based upon what the defendant claimed. We had people testify that were experts or, you know, other people. I'll listen to the defendant. The defendant thinks it's only $1,000. So that's how they ended up with those numbers. So we think the numbers were real low, but I don't have a court reporter. I can't bring that before the court. You know, I think at least they do should a time be paid. What kind of record do we have on which we can analyze your argument? That part of it? That's it because there's some exhibits in there, but there's no transcript. So that's why my client said, let's get my attorney fees back out of this. You know, he feels like he pretty much got shortchanged on this thing, but as you said, it's $38,000 that's for. And that's all he got. And a year after, well, I think he talks about four and a half years. In fact, it was four and a half years just to get it to trial. So it's five and a half years before we even got the appeal file. So this was, you know, we're seeing this problem. A lot of us trial attorneys are seeing this problem way too often in our courts today, but it takes forever to get some of these simple cases through there. And like I said, the court record establishes there were 12 hearings in this simple case, most of them nothing but case management conference scheduled by the court. The attorneys have no choice in that but to attend them. And, you know, they're calling case management after case management, delaying the trial, it's just one after another, and that's in the record. So, you know, I have to go to those hearings. You know, I'm in Marion, I've got to go over to Murfreesboro. You're talking one point anywhere from an hour to an hour and a half to two hours just to go over there and have a hearing and come back. It's been five minutes in the courtroom. So most of this money that was spent was done by the court. And I realize it's probably not Mr. Pippitt's fault, but it's certainly not Mr. Nook's fault either. He had to pay me that money and he feels like he's entitled to that back. And that's, you know, it's not money going into my pocket, it's going to be a refund in my pocket because it sure came out of his pocket. So that's all we're asking of the court to enforce the contract that says that if you are in breach and the other side proves the breach, the breaching party has to pay the attorney fees. And we clearly have a judgment that Mr. Pippitt was in breach and there's no judgment of Mr. Nook being in breach, so there's no way to offset him. And according to the terms of the contract, we're entitled to those fees. But I'll also point out that the defendant at no time challenged our fees until we filed the appeal. So despite us having an affidavit on file with the court and when we asked for the motion to reconsider, at no time did they say the amount that we were asking for was unreasonable. So, and I think in light of that, the court then no longer has discretion to cut those fees down if the other side's not challenging the reasonableness of those fees. But the question of whether the fees should be awarded in and of themselves, it's not a matter of the court's discretion, it's a matter of interpreting the contract. And that's all we're asking this court to do. Thank you. Thank you, Mr. Sanders. Mr. Sanders, you'll have an opportunity for a reply. Counsel for Appley. Good morning, Your Honors. Bentley Bender on behalf of Appley Don Pippins. Bentley Bender. Okay, I couldn't hear you. My apologies. You have to speak up, we're recording. Okay.  To begin with, I think it'd be helpful for the court if we went through just a quick review of what the facts are that gave rise to this case. The parties entered into a real estate purchase contract in April of 2010. They had a closing and a final walkthrough on May 10th of 2010, and Pippins continued to live in the property until May 28th, so roughly 18 days. Pursuant to the terms of the contract, if there was any damages when Pippins vacated, Newb was supposed to... Pippins was the seller? He was the seller. So they held the closing... Newb wasn't the buyer. Exactly. And so when Pippins moved out 18 days after closing, the contract provided Newb three days to conduct a reinspection, provide written notice to Pippins of any alleged damages. The evidence that was before the trial court was that this was not done at all. The evidence that was before the trial court was that the only work that was agreed to be done was the grouting and the grading work, and that Pippins had actually sent multiple letters to Newb saying, it was wet, I couldn't do the grading because of how wet the soil conditions were, let me know when I can come back out there and do the grading. To which Newb never responded. He did send Pippins an estimate to have the grading done by someone, but what about counsel's statement that there's no record of any of this? How are we going to know what you're telling us is the truth? Well, I believe it's contained in the court's order. It explicitly says, Pippins testified that he attempted to grade yard when weather permitted and sent two letters asking Newb permission to grade the yard. Pippins testified that he received no response to his request to grade the yard, but did receive a letter from Newb attaching an estimate for grading and soil. The court's findings were in effect. Yes. And then after he took possession of the properties, when he comes up with $38,000 in alleged damage, $15,000 for a septic system, $9,000 for grading, and this litigation and interpleader ensues, the escrow agent files the interpleader action to say, I don't know who's supposed to get this money, but I get my attorney's fees for having to file this action. And he files a claim for breach of contract. Ultimately what happened was the court found that because he failed to do the inspection and failed to provide any written notice to Pippins of any reported damages as required by the contract, that he wasn't entitled to any of them. And he failed to put on evidence for it. And he was only able to recover the $1,500 that Pippins admitted he was responsible for and was allowed to do the work for multiple times, sent two letters to him according to the findings of the court. To that end, it does not seem that Newt can be considered a prevailing party with the de minimis recovery. As far as Your Honor had asked what the standard of review is for a trial court's finding as to who is a prevailing party, and if we look to the Powers case that was cited in Appellee's brief and Peloton, it says that the determination that the party was a prevailing party is also reviewed for an abuse of discretion. The matter of whether or not attorney's fees will be awarded at all is reviewed for an abuse of discretion. In order for an abuse of discretion to be demonstrated, it has to be shown that the trial court acted arbitrarily without conscientious judgment or in view of all the circumstances and exceeds the bounds of reasons and ignores recognized principles of law according to the McHenry Savings Bank case that was cited. Let me ask a question that sort of backs up from this question of prevailing party. I understand what you're arguing. I understand what your opposing counsel is arguing. It seems in this case the court did not rule on attorney's fees at all. It did not determine the question of prevailing party. It did not rule on the amount of attorney's fees in question. I'm not sure how we can review a nonjudgment as an abuse of discretion. Perhaps not making a judgment on it at all was an error by the trial court and we should remand this to the trial court to make a determination on attorney's fees, including, of course, the question as per the contract as to who, if anyone was a prevailing party. What would be your argument concerning that, whether we should remand it for an actual ruling by the trial court on attorney's fees dependent on that ruling, what amount, if any, there should be? I would take the position that I believe the court did consider the request. I'm sorry, say it a little louder. I would take the position that I believe the court did consider attorney's fees while the order itself is bereft of language specifically addressing it. Counsel for the appellant filed a motion to reconsider that specifically requested the attorney's fees and filed an affidavit in support of it. The judge's determination in ruling on that motion to reconsider was to outright deny it. She didn't think it was warranted. Let me ask you about that because that's another aspect of this. If there wasn't a ruling on attorney's fees in the initial order, the motion to reconsider, are you saying is a request for attorney's fees that was denied, there was no hearing, there was no affidavit as to the amount, there was no examination of that, there was no exercise of the court's discretion and experience as to what reasonable attorney's fees would be and there was no quantum error if there wasn't anything? I mean, aren't we arguing about a decision that wasn't made? We're arguing about a backing. Why shouldn't we remand it to the trial court for determination of the question and dependent on that determination what amount, if any, is to be awarded? I think the court, by not deigning to grant the attorney's fees in the original order, had considered the issue. But it wasn't denied in the initial order, right? It was signed. It was signed. The other thing I would say is that in order to be entitled to attorney's fees, there are several hurdles that the appellant would have had to jump through, the first of which being they have to be a prevailing party, but they also have to have submitted adequate evidence to the court for consideration as to the reasonableness of fees. And what the courts have held is that that consists of a detailed time record that delineates what you did, the services performed, the time spent on each action, and the dates that the service was performed. In the record in this case, what we have are time entries that are bereft of any detail as to the services performed. In the appellant's brief, you can see how he has to do kind of this reconstructionist attempt to identify what time was spent on what issue. It identifies whether there were X number of... My question is, taking what you've said as an accurate reflection of the record, there wasn't a determination that it was inadequate. There was no determination at all. Aren't we sort of in a vacuum? I think that the trial court's order on the motion to reconsider which specifically brought up those issues would have been a ruling on that matter that would be capable of being affirmed by this court. I think that it would have been helpful had she decided to issue a ruling that specifically addressed everything, but that it isn't absolutely necessary that she delineate exactly that issue. With regards to the argument that the appellant had raised that there was no finding that his client was not in breach, I would point to the fact that the court specifically identified that he failed to comply with the reinspection provisions. So he himself in this proceeding did not proceed in accordance with the terms of the contract. Instead, outside the period of time for when the property could be reinspected after Pippins had vacated, these rather large sums of money were claimed for damages that had never been provided notice to Pippins prior, and outside the terms of the contract. Pippins, or the appellant, cites to J.B. Esker and Sons for the proposition that if he receives any judgment in his favor, he's usually considered a prevailing party. Now, that was a case that was before this court. In that case, what it actually dealt with was a mechanics lien foreclosure. The mechanics lien proclaimant, J.B. Esker, was awarded $938. The defendant in the case filed a counterclaim and recovered $26,145 on his counterclaim. It wasn't a de minimis recovery as we're presented with here. And so the court in that case was presented with the proposition of should they be denied their $13,000 in attorney's fees in that case, because the mechanics lien claimant was able to recover $938. And the court concluded that simply because they didn't recover on a totally defeat mechanics lien, didn't prevent them from being entitled to attorney's fees for the rest of their counterclaims. That is not the case that this court is presented with. Instead, I would say that we are closer in fact to that of the Powers v. Brockford Stop and Go case that I cited in my brief. In that case, what occurred was the gas station was renting the property from the landlord. The landlord became concerned that there was environmental contamination and other issues that could give rise to its own personal liability. So it filed a lawsuit against the gas station to allege that they were in violation of the environmental remediation and cleanup requirements of the contract, amongst other things. The environmental remediation claims were found by that court to be the substantive issues in the case. And so ultimately what the court decided was that the gas station was not in breach of those requirements to maintain the property in a clean state, although it did award a recovery to the landlord for the gas station and put in pay phones that was in contravention to the terms of the lease. But the court said that the landlord was not entitled to attorney's fees. That sort of dates the case, doesn't it? Yeah. I can't remember the last time I've seen one. In fact, the appellate court went so far in that case as to explicitly state, we conclude that the trial court abused its discretion when it held that the plaintiff was entitled to attorney's fees, although the plaintiff successfully obtained a judgment for damages resulting from the installation of pay telephones, this issue was not significant and relevant to either the value of the remaining claims, the complexity, or the time devoted to the other issues at trial. That's the exact case that we're presenting here. He filed a claim for $38,000 in damages and the only reward that he received was what Pippins agreed that he owed and what he had tried to do before the case was even filed. If Newb had bothered to respond to the letters, the grading would have been done, and that would have been a loss. And so I would say that under Powers v. Rockford, stop and go, that that's the facts that are similar to what we're presented with here. And just as that court actually found that it was an abuse of discretion to award attorney's fees for the landlord in that case, I believe it was not an abuse of discretion for the court to deny attorney's fees to the parties involved in this case. With regards to the reasonableness of fees, as I was discussing before, the courts have required that you provide, in J.B. Esker & Sons, a case cited by the appellant, the court specifically states, the party seeking attorney's fees must set forth with specificity the legal services provided, the identity of the attorney providing the legal services, and the immunization of the time expended for individual service in the hourly rate charge. All detail is in credit. So even if he had been found to be a prevailing party by the court, they would have been unable to grant him the attorney's fees that he sought because he simply failed to carry his burden of proof with respect to his fees. The time entries that were submitted had dates, amounts of time, not the services provided. So the court was entirely unable to even give them adequate consideration at all. In a case that was somewhat similar to this, in J.B. Esker, the court goes on to analyze there were two attorneys on the file, and what they stated, Mr. Rung submitted a detailed bill itemizing the time spent in fractions of the hour. On the other hand, the court's denial of fees for Mr. Kelsey appears well filed. The claimed attorney's fees for Mr. Kelsey were not properly documented. The affidavit was not signed, and the bill attached to the petition did not have an itemization of the time expended. As such, the claimed fees did not have a fee petition that was unsupported by adequate documentation and incapable of being granted, even if they were considered to be a prevailing party, which we contend they were not. And the final issue that I would say that the appellant needs to overcome in order to be entitled to attorney's fees is that the fees have to have been reasonable in light of the factors that the courts review. And generally, what they look at is the nature of the case, the novelty and difficulty of the case, the skill in standing in the attorneys, the degree of responsibility required in the usual and customary charges in the community. In this case, we have a simple LM matter that languished for four years before it was finally brought to trial. The whole trial lasted half a day, and the only damages awarded were those that Pippins conceded and had actually tried to perform the work for before the litigation ever occurred. He sent two letters, received no response, saying he wanted to grade the property, and the only reason he hadn't graded it was because it was wet. But there weren't any complex issues involved. It wasn't complex issues of what. It was simply what were the damages and a simple interpleader action. And I think it would be appropriate for the courts to deny fees for this sort of litigation. Thank you, Your Honor. Thank you, Your Honor. Rebubble. Thank you, Your Honor. As you can tell from the record and it was put in there brief, and when this trial started, it was $6,864.42 left in this escrow. As Justice Moore pointed out earlier, we were requesting $38,000. So what we were requesting  However, the property owner and the property owner of the court in its ruling on page one said the only issue before the court is which party is entitled to funds held in the escrow. She had forgotten what the case was about apparently when she made this ruling a year after the bench trial because there was a lot more at issue than just what was in that escrow. The second page of her order says on this page, record 195, the walkthrough did not identify any other damage. She's mixing up the oranges here because on page one she indicates that the parties have stipulated to four exhibits here, one of which was the final walkthrough sheet was exhibit C which the court should have. And if you look at the date on it, you're going to find that's the walkthrough that was done before closing. The problem was in this particular case, the contract was extended so Mr. Pippin had possession of the premises for about three more weeks. And what our complaint alleged was that the bulk of this damage was done during that three-week span that only two things that were identified prior to closing was this grout and this grating of the yard. But after he stayed in the house and was rushing to try to get out, he tore half this house up. Now that's where, that had nothing to do with the final walkthrough. And in the middle of her second page of her ruling, she said there is no evidence  that Newb re-inspected the premises or provided any notice of damage to the premises to Pippin. A court reporter. Because if you look at the court record, you'll see one of the people we put up on the stand was Julian Paye, who was the realtor. And that man testified to him, Mr. Newb came in there and the day that they turned possession back over, this place was torn all to bits. He said he'd never seen anything like that. But it's not in the record. So we can't, that's why we're not appealing that. But I'm just saying that the court took so long in ruling on this little simple case that clearly on page one, she forgot what the issues were in the case because she thought it was just what was in the escrow. And it clearly was a lot more than what was in this escrow. So we feel like the only thing we can actually show that's part of the record is that she failed to at least rule on the attorney fees and we ought to at least get those. So that's what we're asking this court to do. Thank you. We'll take the matter under advisement and issue a decision in due course. The court should take a brief recess. All rise.